ELIZABETH H. LINDH, CASB No. 162660
elizabeth.lindh@kyl.com
SAMANTHA D. PARRISH, CASB No. 318681
samantha.parrish@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, Suite 1400
Long Beach, California 90802
Telephone:    (562) 436-2000
Facsimile:    (562) 436-7416

Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HODES,<br><br>              Plaintiff,<br><br>      vs.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA and<br>DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No. 5:20-cv-1538<br><br>**NOTICE OF REMOVAL ACTION**<br>**PURSUANT TO 28 U.S.C. §§ 1332,**<br>**1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND THE HONORABLE

UNITED STATES DISTRICT JUDGE:

PLEASE TAKE NOTICE that Defendant The Prudential Insurance

Company of America ("Defendant" or "Prudential") hereby provides Notice of

Removal based on diversity, pursuant to 28 U.S.C. § 1332, 1441 and 1446 and hereby

removes the above-captioned action from the Superior Court of the State of California,

in and for the County of Riverside, to the United States District Court for the Central

District of California. Defendant asserts that jurisdiction exists as follows:

- 1 -

## PROCEDURAL BACKGROUND

1.     On June 1, 2020, Plaintiff LAWRENCE HODES ("Plaintiff") filed a complaint ("Complaint") in the Superior Court of the State of California, County of Riverside, thereby commencing a civil action entitled *Lawrence Hodes v. The Prudential Insurance Company of America and Does 1 through 10, inclusive* (the "State Court Action") against Defendant.  A true and correct copy of the Complaint is attached hereto as Exhibit "A."  *See* Declaration of Elizabeth H. Lindh in support of Notice of Removal ("Lindh Decl.") ¶ 3 & Exh. "A."  Defendant was served with the Complaint on July 2, 2020.  *See* Lindh Decl., ¶ 4 & Exh. "B."

2.     In accordance with 28 U.S.C. § 1446(a), "all summons, pleadings, and orders" served upon Defendant in the State Court Action are attached hereto.  *See* Lindh Decl., ¶ 4 & Exhs. "A"– "B."

## JURISDICTIONAL BASIS FOR REMOVAL - DIVERSITY

3.     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states.  28 U.S.C. § 1332.  Here, the District Court has original jurisdiction because complete diversity exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

4.     Plaintiff is a resident of the State of California, County of Riverside. *See* Complaint, 2:10–11; *see also Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (residence is a factor in domicile for diversity jurisdiction).

5.     Defendant is incorporated under the laws of the State of New Jersey, and its principal place of business is located in Newark, New Jersey.  *See* Christine Smolenak Declaration ("Smolenak Decl."), ¶ 3.  Prudential is not a citizen of the State of California.  *See* 28 U.S.C. § 1332(c)(1) ("corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010) (principal place of business refers to "nerve center" where

corporation's high level officers direct, control and coordinate the corporation's activities).

6.    Although fictitiously designated defendants are referred to in the Complaint, such fictitious defendants are to be disregarded for purposes of this petition. 28 U.S.C. § 1441(b)(1).

7.    Because Plaintiff is a citizen of California and Defendant is not a citizen of California (but rather a citizens of New Jersey) the citizenship of all parties is diverse.

8.    The amount in controversy exceeds $75,000.  In his Complaint, Plaintiff seeks an award of (1) unspecified general damages for failure to provide long term care ("LTC") benefits under the Prudential group insurance policy (the "Policy"), plus interest, including prejudgment interest pursuant to Section 1011.2 of the Cal. Insurance Code; (2) unspecified economic and consequential damages; (3) unspecified general damages for mental and emotional distress; (4) attorneys' fees, witness fees and cost of litigation; (5) unspecified punitive and exemplary damages; incurred by Plaintiff.  *See* Complaint, 13:13–24, 14:1–4.

9.    Although Plaintiff does not allege a specific dollar amount of damages in his Complaint, the action may nevertheless be removed because the preponderance of evidence demonstrates that the amount in controversy more likely than not exceeds the jurisdictional limit of $75,000.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

10.    For purposes of calculating the amount in controversy, the future benefits Plaintiff would receive under the Policy must be included.  *See, e.g., Albino v. Std. Ins. Co.*, 349 F. Supp. 2d 1334, 1340 (C.D. Cal. 2004) (finding that the amount in controversy was met because plaintiff's future policy benefits could be awarded as compensatory damages under her claim for tortious breach of the covenant of good faith and fair dealing); *see also Cain v. Hartford Life & Accident Ins. Co.,* 890 F. Supp. 2d 1246, 1249-50 (C.D. Cal. 2012).  Pursuant to the terms and conditions of the Policy,

the total LTC benefits Plaintiff may recover from the date his claim was denied (February 21, 2020) through the lifetime of the policy is $527,425.  *See* Smolenak Decl. ¶ 5.

11.  Under California law, attorneys' fees incurred in obtaining contract benefits are recoverable when the insurer withheld those benefits in bad faith.  *See Brandt v. Superior Court (Standard Ins. Co.),* 37 Cal.3d 813, 817(1985).  Plaintiff alleges that Defendant's withholding of LTC benefits under the Policy was done so in bad faith.  *See* Complaint, 4:25-26; 5:22-28.  Accordingly, the attorneys' fees that would accrue until this action is resolved must be included in the amount in controversy calculation as well.  *See, e.g., J & J Pumps, Inc. v. Star Ins. Co.,* No. CIV. 2:11-599 WBS CMK, 2011 U.S. Dist. LEXIS 45885, *7 (E.D. Cal. 2011); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

12.  In 2011, Mr. Horrow, counsel for Plaintiff, represented a plaintiff in a similar insurance claim litigation in *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246 (C.D. Cal. 2012).  The court in *Cain* determined that as of April 2007, Mr. Horrow charged an hourly rate of $425.  The court determined that, considering the hourly rate, plus the hourly rates of associates working with Mr. Horrow, the plaintiff's attorney fee claim could exceed the $75,000 jurisdictional limit.  *See* Lindh Decl., ¶ 6.

13.  As mentioned above, Plaintiff also seeks recovery of punitive damages and emotional distress damages, which also are included in the amount in controversy calculations.  *See, e.g., Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450-451 (S.D. Cal. 1995); *see also Koop v. AMCO Ins. Co.*, Case No. 16-cv-01963-LB, 2016 U.S. Dist. LEXIS 83258, *16  (N.D. Cal. 2016).

14.  In light of the above, the jurisdictional amount in controversy exceeds $75,000, such that the requirements for diversity jurisdiction are satisfied.

KYL4822-3383-0086.1

**TIMELINESS OF REMOVAL**

15.    As required by 28 U.S.C. section 1446(b)(3), this Notice of Removal is timely because it is being filed within thirty (30) days from service of the Complaint on Defendant July 2, 2020.  *See also* Fed. R. Civ. P. 6(a)(1)(C); Lindh Decl., ¶ 7 & Exh. "B."

**VENUE**

16.    Plaintiff filed the State Court Action in the Superior Court of the State of California, in and for the County of Riverside.

17.    Pursuant to 28 U.S.C. section 1446(a) (which states that venue lies in the district and division in which the state court proceeding is pending), Defendant is removing this case to the United States District Court for the Central District of California, which is the district and division in which the State Court Action is pending. *See* Lindh Decl., ¶ 8.

**NOTICE TO STATE COURT AND PLAINTIFF**

18.    Pursuant to 28 U.S.C. § 1446(d), Notice of Removal is concurrently being filed with the Superior Court of California, County of Riverside (*see* Lindh Decl., ¶ 9 & Exh. "C," attached without exhibits, which are incorporated fully in the federal removal documents) and being served on Plaintiff (*see* Lindh Decl., ¶ 8 & Exh. "D," attached without exhibits, which are incorporated fully in the federal removal documents).

19.    WHEREFORE, Defendant hereby removes Riverside County Superior Court Case No. PSC2002608 to the United States District Court for the Central District of California.

**CONCLUSION**

20.    Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be

KYL4822-3383-0086.1

properly sought).

21.     Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event the Court decides remand is proper, Defendant asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

DATED:  August 3, 2020                    /s/ Samantha D. Parrish_____
                                          ELIZABETH H. LINDH
                                          SAMANTHA D. PARRISH
                                          KEESAL, YOUNG & LOGAN
                                          Attorneys for Defendant
                                          THE PRUDENTIAL INSURANCE
                                          COMPANY OF AMERICA

# **<u>EXHIBIT A</u>**

1  MICHAEL B. HORROW (SBN 162917)
   SCOTT E. CALVERT (SBN 210787)
2  DONAHUE & HORROW, LLP
   1960 E. Grand Ave., Suite 1215
3  El Segundo, California 90245
   Telephone: (310) 322-0300
4  Facsimile: (310) 322-0302
   Email: mhorrow@donahuehorrow.com
5  Email: scalvert@donahuehorrow.com

6  Attorneys for Plaintiff,
   LAWRENCE HODES

**FILED**
Superior Court of California
County of Riverside
**6/1/2020**
**B. Tucker**
Electronically Filed

7

8

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     FOR THE COUNTY OF RIVERSIDE

12

13  LAWRENCE HODES,                    Case No.:   **PSC2002608**

14                    Plaintiff,
                                        **COMPLAINT & JURY DEMAND**
15         vs.

16  THE PRUDENTIAL INSURANCE COMPANY    **1) Breach of the Duty of Good Faith and Fair**
    OF AMERICA and, DOES 1 through 10,  **Dealing**
17  inclusive,                          **2) Breach of Contract**

18                    Defendant.

19

20       Plaintiff alleges as follows:

21

22                         **GENERAL ALLEGATIONS**

23                            **Introduction**

24       1.       Plaintiff, LAWRENCE HODES ("MR. HODES") is a 79 year old and many years

25  ago, he purchased Long Term Care insurance with Defendant THE PRUDENTIAL INSURANCE

26  COMPANY OF AMERICA ("PRUDENTIAL") to provide the financial security to obtain caregiver

27

28

DONAHUE & HORROW LLP

– 1 –

services either in his home or in a facility if he was unable to independently perform his Activities of Daily Living.

2.      When Plaintiff's health declined, he sought the coverage promised by the Policy.  For almost five years, PRUDENTIAL honored the claim and provided the benefits.

3.      Then, on February 21, 2020, despite no improvement in his health and capabilities (and in fact progressive decline as would be expected for an almost 80-year-old), PRUDENTIAL abruptly, wrongfully and unfairly denied Plaintiff's claim.

**Factual Summary**

4.      Plaintiff at relevant times is, and has been, a resident and citizen of the State of California.

5.      Plaintiff alleges upon information and belief that the Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, and authorized to transact and transacting the business of insurance in this state.

6.      The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOES 1 through 10, are unknown to plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to plaintiff.

7.      Defendant PRUDENTIAL issued Long Term Care Insurance Plan Contract No. 1000005985.  According to the terms of the Policy, if MR. HODES was unable to independently

DONAHUE & HORROW LLP

perform two of the Activities of Daily Living the Policy would provide a maximum daily benefit of one hundred and seventy-three dollars per day.

8.     Per the Policy, in order to be eligible for benefits, MR. HODES must have a Chronic Illness which caused "A loss of the ability to perform, without Substantial Assistance, at least two Activities of Daily Living for a period of at least 90 consecutive days.  Activities of Daily Living are: Bathing, Continence, Dressing, Eating, Toileting, and Transferring."

9.     Based upon information and belief, Plaintiff initially filed a claim for Long Term Care Benefits with Defendant PRUDENTIAL approximately five years ago.

10.     Based upon information and belief, Defendant PRUDENTIAL approved Plaintiff's claim and, in so doing, confirmed that he did in fact require assistance with at least two of his Activities of Daily Living.

11.     On or about August 4, 2017, Plaintiff and his caregiver, Gloria Velez, submitted a Home Health Care Time Card confirming Ms. Velez's caregiver hours and the care provided.  The care provided was "Assistance with bathing, dressing, eating, toileting, transferring or continence; Personal Care; Chore Services and Driving."

12.     On or about October 28, 2019, Defendant PRUDENTIAL advised that based on a recent face-to-face assessment, it was determined that he continued to meet the benefit eligibility under the Long Term Care Policy.

13.     On or about December 23, 2019, Plaintiff consulted with hematologist/oncologist Dr. Constantin Dasanu.  Dr. Dasanu noted Plaintiff's diagnoses of chronic myelogenous leukemia as well as congestive heart failure.

14.     On or about January 27, 2020, Plaintiff was examined by cardiologist Dr. Chanaka Wickramasinghe.  Dr. Wickramasinghe noted Plaintiff's recent permanent pacemaker implant due to his lightheadedness and presyncope related to his junctional bradycardia and sinus node dysfunction.

15.    On or about February 21, 2020, Defendant PRUDENTIAL abruptly denied Plaintiff's claim for Long Term Care benefits.

16.    To date, MR. HODES has performed all of his obligations under the Policy.  Despite this, MR. HODES has not received all of the benefits he is entitled to under the subject Policy.

PLAINTIFF, LAWRENCE HODES, FOR A FIRST CAUSE OF ACTION AGAINST

DEFENDANTS, THE PRUDENTIAL LIFE INSURANCE COMPANY; and DOES 1 through 10,

FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, ALLEGES:

1.    Plaintiff refers to each and every paragraph of the General Allegations and incorporates those paragraphs as though set forth in full in this cause of action.

2.    Defendants, and each of them, have breached their duty of good faith and fair dealing owed to Plaintiff in the following respects:

a.    Unreasonably failing to make payments to Plaintiff at a time when Defendants knew that Plaintiff was entitled to the payments under the terms of the Policy.

b.    Unreasonably delaying payments to Plaintiff knowing Plaintiff's claim for benefits under the Policy to be valid.

c.    Unreasonably withholding payments from Plaintiff knowing Plaintiff's claim for benefits under the Policy to be valid.

d.    Unreasonably misrepresenting to Plaintiff pertinent facts and insurance Policy provisions relating to the coverage in issue.

e.    Failing to reasonably and promptly investigate and process Plaintiff's claim for benefits.

f.    Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim for benefits in which liability has become reasonably clear.

DONAHUE & HORROW LLP

g.    Failing to promptly provide a reasonable explanation of the basis relied upon in the Policy, in relation to the applicable facts, for the denial of Plaintiff's claim for benefits.

h.    Plaintiff is informed and believes and thereon alleges that Defendant has breached its duty of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware and which will be shown according to proof at the time of trial.

3.    As a proximate result of the aforementioned unreasonable conduct of Defendants, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, and other economic and consequential damages, for a total amount to be shown at the time of trial.

4.    As a further proximate result of the aforementioned unreasonable conduct of Defendants, Plaintiff has suffered anxiety, worry, mental and emotional distress, all to Plaintiff's general damage in a sum to be determined at the time of trial.

5.    As a further proximate result of the unreasonable conduct of Defendants, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendants are liable to Plaintiff for those attorneys' fees, witness fees and costs of litigation reasonably necessary and incurred by Plaintiff in order to obtain the Policy benefits in a sum to be determined at the time of trial.

6.    Defendants' conduct described herein was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff, or subjected Plaintiff to cruel and unjust hardship in conscious of Plaintiff's rights, or was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention to deprive Plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code

– 5 –

§ 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

7. Defendants' conduct was highly reprehensible because (1) it caused Plaintiff not only substantial economic loss, but also personal physical injury and physical sickness; (2) it demonstrated Defendants' indifference and reckless disregard as to the health and safety of Plaintiff; (3) it was repeated and continuous, rather than just an isolated incident; (4) it caused harm to Plaintiff not by accident, but rather by Defendants' intentional malice, trickery, and deceit; and (5) Plaintiff was financially vulnerable to Defendants' conduct.

8. Defendants' conduct described herein was undertaken by the corporate Defendant's deputies or managing agents, identified herein as DOES 1 through 10, who were responsible for claims supervision and operations, underwriting, communications and/or decisions. The aforedescribed conduct of said managing agents and individuals was therefore undertaken on behalf of the corporate Defendants. Said corporate Defendants further had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 10, inclusive.

PLAINTIFF, LAWRENCE HODES, FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS, THE PRUDENTIAL LIFE INSURANCE COMPANY; and DOES 1 through 10 FOR BREACH OF CONTRACT, ALLEGES:

1. Plaintiff refers to each and every paragraph of the General Allegations and incorporates those paragraphs as though set forth in full in this cause of action.

2. Defendants, and each of them, owed duties and obligations to Plaintiff under the Policy.

3.      Defendants, and each of them, breached the terms and provisions of the insurance Policy by failing and refusing to pay benefits under the Policy as set forth in the second paragraph of the First Cause of Action, incorporated herein by reference.

4.      As a direct and proximate result of Defendants' conduct and breach of their contractual obligations, Plaintiff has suffered damages under the Policy in an amount to be determined according to proof at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

AS TO THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS, THE PRUDENTIAL LIFE INSURANCE COMPANY; AND DOES 1 through 10, inclusive, FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING:

1.      Damages for failure to provide benefits under the Policy, plus interest, including prejudgment interest pursuant to Section 10111.2 of the California Insurance Code, and other economic and consequential damages, in a sum to be determined at the time of trial;

2.      General damages for mental and emotional distress in a sum to be determined at the time of trial; For attorneys' fees, witness fees and costs of litigation incurred by Plaintiff to obtain the Policy's benefits in an amount to be determined at the time of trial;

3.      Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;

4.      For costs of suit incurred herein; and,

5.      For such other and further relief as the Court deems just and proper.

AS TO THE SECOND CAUSE OF ACTION AGAINST DEFENDANTS, THE PRUDENTIAL LIFE INSURANCE COMPANY; AND DOES 1 through 10, inclusive, FOR BREACH OF CONTRACT:

DONAHUE & HORROW LLP

– 7 –

1.    Damages under the Policy in an amount to be determined according to proof at the time of trial;

2.    For costs of suit incurred herein; and,

3.    For such other and further relief as the Court deems just and proper.

Dated:  April 1 , 2020                              DONAHUE & HORROW LLP

                                                    _____
                                                    MICHAEL B. HORROW
                                                    SCOTT E. CALVERT
                                                    Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:  April 1 , 2020                              DONAHUE & HORROW LLP

                                                    _____
                                                    MICHAEL B. HORROW
                                                    SCOTT E. CALVERT
                                                    Attorneys for Plaintiff

DONAHUE & HORROW LLP

# EXHIBIT B

**CT Corporation**

**Service of Process Transmittal**
07/02/2020
CT Log Number 537890926

TO:     Olivia Gonzalez
        The Prudential Insurance Company of America
        Legal Department, 751 Broad St, 4th Fl
        Newark, NJ 07102

RE:     **Process Served in California**

FOR:    The Prudential Insurance Company of America  (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LAWRENCE HODES, Pltf. vs. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # PSC2002608 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/02/2020 at 11:48 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/03/2020, Expected Purge Date: 07/08/2020 |
| | Image SOP |
| | Email Notification,  Legal Process Unit  legal.process.unit@prudential.com |
| | Email Notification,  Susan Arizzo  susan.arizzo@prudential.com |
| | Email Notification,  Rosalia Bernal  rosalia.bernal@prudential.com |
| | Email Notification,  Darbi Luzzi  darbi.luzzi@prudential.com |
| | Email Notification,  Veronica O'Neal  veronica.oneal@prudential.com |
| | Email Notification,  LISSETTE DIAZ  lissette.diaz@prudential.com |
| | Email Notification,  Pamela Sidoti  pamela.sidoti@prudential.com |
| | Email Notification,  CHERYL MOORE  cheryl.moore@prudential.com |
| | Email Notification,  Olivia Gonzalez  Olivia.Gonzalez@prudential.com |

Page 1 of  2 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CT Corporation**

**Service of Process Transmittal**
07/02/2020
CT Log Number 537890926

| | |
|---|---|
| **TO:** | Olivia Gonzalez<br>The Prudential Insurance Company of America<br>Legal Department, 751 Broad St, 4th Fl<br>Newark, NJ 07102 |
| **RE:** | **Process Served in California** |
| **FOR:** | The Prudential Insurance Company of America  (Domestic State: NJ) |

Email Notification,  Julianne Hackett  julianne.hacket@prudential.com

| | |
|---|---|
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Thu, Jul 2, 2020 |
| **Server Name:** | DROP SERVICE |
| **Location:** | N/A, CA-LA |

| | |
|---|---|
| Entity Served | THE PRUDENTIAL INSURANCE COMPANY OF AMERICA |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | PSC2002608 |
| Jurisdiction | CA-LA |



7-2-20 @ 10⁰⁰

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** THE PRUDENTIAL INSURANCE COMPANY OF
*(AVISO AL DEMANDADO):* AMERICA and, DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** LAWRENCE HODES,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |
| **FILED**<br>Superior Court of California<br>County of Riverside<br>**6/23/2020**<br>**B. Tucker**<br>Electronically Filed |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California. (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Riverside .<br>3255 E. Tahquitz Canyon Way<br>Palm Springs, California 92262 | CASE NUMBER:<br>*(Número del Caso):* **PSC2002608** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Michael B. Horrow/Scott E. Calvert
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DONAHUE & HORROW LLP
1960 E Grand Ave, Ste 1215, El Segundo, CA 90245                                              (310) 322-0300

| DATE:<br>*(Fecha)* **6/23/2020** | Clerk, by<br>*(Secretario)* *B. Tucker* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

   under: ☒ CCP 416.10 (corporation)                    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)            ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 7-2-20

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder® |
|---|---|---|

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | | | |
|---|---|---|---|
| ☐ | BANNING 311 E. Ramsey St., Banning, CA 92220 | ☐ | MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ | BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☒ | PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ | CORONA 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ | RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ | HEMET 880 N. State St., Hemet, CA 92543 | ☐ | TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591 |
| ☐ | MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | | |

RI-CI032

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)* | FOR COURT USE ONLY |
|---|---|
| Michael B. Horrow/Scott E. Calvert          SBN: 162917/210787<br>1960 E. Grand Ave, Ste 1215<br>El Segundo, CA 90245<br><br>TELEPHONE NO: (310) 322-0300    FAX NO. *(Optional)*: (310) 322-0302<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Lawrence Hodes | **FILED**<br>Superior Court of California<br>County of Riverside<br>**6/1/2020**<br>**B. Tucker**<br>Electronically Filed |
| PLAINTIFF/PETITIONER: LAWRENCE HODES, | |
| DEFENDANT/RESPONDENT: THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and, DOES 1 through 10, inclusive, | CASE NUMBER: **PSC2002608** |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒  The action arose in the zip code of: ___92211___

☐  The action concerns real property located in the zip code of: _____

☐  The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: ___April 2, 2020___

▶

_____          _____
Michael B. Horrow/Scott E. Calvert                              (SIGNATURE)
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

Page 1 of 1

1  MICHAEL B. HORROW (SBN 162917)
   SCOTT E. CALVERT (SBN 210787)
2  DONAHUE & HORROW, LLP
   1960 E. Grand Ave., Suite 1215
3  El Segundo, California 90245
   Telephone: (310) 322-0300
4  Facsimile: (310) 322-0302
   Email: mhorrow@donahuehorrow.com
5  Email: scalvert@donahuehorrow.com

6  Attorneys for Plaintiff,
   LAWRENCE HODES

7

8

9

**FILED**
Superior Court of California
County of Riverside
**6/1/2020**
**B. Tucker**
Electronically Filed

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      FOR THE COUNTY OF RIVERSIDE

12

13  LAWRENCE HODES,                    | Case No.:   **PSC2002608**

14              Plaintiff,

15     vs.                             | **COMPLAINT & JURY DEMAND**

16  THE PRUDENTIAL INSURANCE COMPANY   | **1) Breach of the Duty of Good Faith and Fair**
    OF AMERICA and, DOES 1 through 10, | **Dealing**
17  inclusive,                         | **2) Breach of Contract**

18              Defendant.

19

20        Plaintiff alleges as follows:

21

22                       **GENERAL ALLEGATIONS**

23                            **Introduction**

24        1.      Plaintiff, LAWRENCE HODES ("MR. HODES") is a 79 year old and many years

25  ago, he purchased Long Term Care insurance with Defendant THE PRUDENTIAL INSURANCE

26  COMPANY OF AMERICA ("PRUDENTIAL") to provide the financial security to obtain caregiver

27

28

                                    – 1 –

DONAHUE & HORROW LLP

services either in his home or in a facility if he was unable to independently perform his Activities of Daily Living.

2.      When Plaintiff's health declined, he sought the coverage promised by the Policy.  For almost five years, PRUDENTIAL honored the claim and provided the benefits.

3.      Then, on February 21, 2020, despite no improvement in his health and capabilities (and in fact progressive decline as would be expected for an almost 80-year-old), PRUDENTIAL abruptly, wrongfully and unfairly denied Plaintiff's claim.

**Factual Summary**

4.      Plaintiff at relevant times is, and has been, a resident and citizen of the State of California.

5.      Plaintiff alleges upon information and belief that the Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, and authorized to transact and transacting the business of insurance in this state.

6.      The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOES 1 through 10, are unknown to plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to plaintiff.

7.      Defendant PRUDENTIAL issued Long Term Care Insurance Plan Contract No. 1000005985.  According to the terms of the Policy, if MR. HODES was unable to independently

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Michael B. Horrow/Scott E. Calvert    SBN: 162917/210787<br>DONAHUE & HORROW LLP<br>1960 E Grand Ave, Ste 1215, El Segundo, CA 90245<br>TELEPHONE NO.: (310) 322-0300    FAX NO.: (310) 322-0302<br>ATTORNEY FOR (Name): Lawrence Hodes | **FOR COURT USE ONLY**<br><br>**FILED**<br>Superior Court of California<br>County of Riverside<br>**6/1/2020**<br>**B. Tucker**<br>Electronically Filed |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 3255 E. Tahquitz Canyon Way
MAILING ADDRESS: 3255 E. Tahquitz Canyon Way
CITY AND ZIP CODE: Palm Springs, 92262
BRANCH NAME: Palm Springs Court

CASE NAME: Lawrence Hodes v. The Prudential Insurance Company of America

| CIVIL CASE COVER SHEET<br>[X] Unlimited     [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: **PSC2002608**<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[X] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 1, 2020

Michael B. Horrow/Scott E. Calvert
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
   Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment (*non-domestic relations*)
   Sister State Judgment
   Administrative Agency Award (*not unpaid taxes*)
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
   Declaratory Relief Only
   Injunctive Relief Only (*non-harassment*)
   Mechanics Lien
   Other Commercial Complaint Case (*non-tort/non-complex*)
   Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
3255 E. Tahquitz Cyn Way
Palm Springs, CA 92262
www.riverside.courts.ca.gov

NOTICE OF DEPARTMENT ASSIGNMENT FOR ALL PURPOSES
AND NOTICE OF CASE MANAGEMENT CONFERENCE

HODES vs THE PURDENTIAL INSUANCE

CASE NO. PSC2002608

This case is assigned to the Honorable Judge David M. Chapman in Department PS2 for
all purposes, including trial.

The Case Management Conference is scheduled for 11/30/20 at 8:30 in Department
PS2.

The plaintiff/cross-complainant shall serve a copy of this notice on all
defendants/cross-defendants who are named or added to the complaint and file proof of
service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that
section. The court follows California Rules of Court, Rule 3.1308(a) (1) for tentative
rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law
and motion matter are posted on the Internet by 3:00 pm on the court day immediately
before the hearing at <http://www.riverside.courts.ca.gov/tentativerulings.shtml>. If you
do not have internet access, you may obtain the tentative ruling by telephone at
(760)904-5722.

To request oral argument, not later than 4:30 pm on the court day before the hearing you
must (1) notify the judicial secretary at (760)904-5722 and (2) inform all other parties. If
no request for oral argument is made by 4:30 pm, the tentative ruling will become the
final ruling on the matter effective the date of the hearing.

Requests for accommodations can be made by submitting Judicial Council form MC-410
no fewer than five court days before the hearing. See California Rules of Court, rule
1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of
Riverside, and that I am not a party to this action or proceeding. In my capacity, I am
familiar with the practices and procedures used in connection with the mailing of
correspondence. Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States Postal Service,
postage prepaid, the same day in the ordinary course of business. I certify that I served
a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 06/23/20                    by: _____
                                      **B. TUCKER**
                                      BRENDA L TUCKER, Deputy Clerk

cdasmc
12/8/19

# EXHIBIT C

1 ELIZABETH H. LINDH, CASB No. 162660
elizabeth.lindh@kyl.com
2 SAMANTHA D. PARRISH, CASB No. 318681
samantha.parrish@kyl.com
3 KEESAL, YOUNG & LOGAN
A Professional Corporation
4 400 Oceangate, Suite 1400
Long Beach, California  90802
5 Telephone:    (562) 436-2000
Facsimile:    (562) 436-7416
6
Attorneys for Defendant
7 THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA
8

9 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 **FOR THE COUNTY OF RIVERSIDE**

11

12 LAWRENCE HODES,                                    ) Case No. PSC2002608
                                                     )
13                               Plaintiff,           ) *Action Filed:  June 1, 2020*
                                                     )
14                vs.                                 ) **DEFENDANT'S NOTICE TO THE CLERK**
                                                     ) **OF THE SUPERIOR COURT OF THE**
15 THE PRUDENTIAL INSURANCE COMPANY )                 **FILING OF REMOVAL AND REMOVAL**
OF AMERICA and,                                      ) **OF ACTION TO FEDERAL COURT**
16 DOES 1 through 10, inclusive.                      )
,                                                    )
17                                                    )
                              Defendant.             ) *ASSIGNED FOR ALL PURPOSES TO:*
18                                                    ) *Judge David Chapman, Dept. PS2*
                                                     )
19                                                    )
                                                     )
20                                                    )
                                                     )
21 _____)

22

23 TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF

24 RIVERSIDE:

25                PLEASE TAKE NOTICE that Defendant THE PRUDENTIAL INSURANCE

26 COMPANY OF AMERICA ("Defendant") has removed the above-entitled action to the United States

27 District Court for the Central District of California.  Attached hereto as Exhibit "A" are true and

28 correct copies of the Notice of Filing of Removal of Action, Notice of Removal, Declaration of

- 1 -

DEFENDANT'S NOTICE TO THE CLERK OF THE SUPERIOR COURT OF THE FILING OF REMOVAL AND
REMOVAL OF ACTION TO FEDERAL COURT
KYL4824-5804-9476.1

1    Elizabeth H. Lindh, and Declaration of Christine Smolenak, the originals of which have been filed in

2    the United States District Court for the Central District of California in connection with the above-

3    entitled action.

4            PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), the filing

5    of the attached Notice of Removal with the federal court effects removal of this action, and this Court

6    may proceed no further unless and until the case is remanded.

7

8

9    DATED:  August 3, 2020

10   ELIZABETH H. LINDH
     SAMANTHA D. PARRISH
11   KEESAL, YOUNG & LOGAN
     Attorneys for Defendant
12   THE PRUDENTIAL INSURANCE COMPANY
     OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE TO THE CLERK OF THE SUPERIOR COURT OF THE FILING OF REMOVAL AND
REMOVAL OF ACTION TO FEDERAL COURT
KYL4824-5804-9476.1

# EXHIBIT D

1  ELIZABETH H. LINDH, CASB No. 162660
   elizabeth.lindh@kyl.com
2  SAMANTHA D. PARRISH, CASB No. 318681
   samantha.parrish@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  400 Oceangate, Suite 1400
   Long Beach, California  90802
5  Telephone:    (562) 436-2000
   Facsimile:    (562) 436-7416
6
   Attorneys for Defendant
7  THE PRUDENTIAL INSURANCE COMPANY
   OF AMERICA
8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **FOR THE COUNTY OF RIVERSIDE**

11

12  LAWRENCE HODES,                        )    Case No. PSC2002608
                                           )
13                         Plaintiff,      )    *Action Filed:  June 1, 2020*
                                           )
14           vs.                           )    **DEFENDANT'S NOTICE TO ADVERSE**
                                           )    **PARTY OF REMOVAL TO FEDERAL**
15  THE PRUDENTIAL INSURANCE COMPANY )         **COURT**
    OF AMERICA and,                        )
16  DOES 1 through 10, inclusive.          )
    ,                                      )
17                                         )    *ASSIGNED FOR ALL PURPOSES TO:*
                           Defendant.      )    *Judge David Chapman, Dept. PS2*
18                                         )
                                           )
19                                         )
                                           )
20  _____)

21  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE that Defendant THE PRUDENTIAL INSURANCE

23  COMPANY OF AMERICA ("Defendant") has removed the above-entitled action to the United States

24  District Court for the Central District of California.  Attached hereto as Exhibit "A" are true and

25  correct copies of the Notice of Filing of Removal of Action, Notice of Removal, Declaration of

26  Elizabeth H. Lindh, Declaration of Christine Smolenak, the originals of which have been filed in the

27  United States District Court for the Central District of California in connection with the above-entitled

28  action.

DEFENDANT'S NOTICE TO THE CLERK OF THE SUPERIOR COURT OF THE FILING OF REMOVAL AND
REMOVAL OF ACTION TO FEDERAL COURT
KYL4830-9433-8756.1

1          PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), the filing

2    of the attached Notice of Removal with the federal court effects removal of this action, and this Court

3    may proceed no further unless and until the case is remanded.

4

5

6    DATED:  August 3, 2020

7    ELIZABETH H. LINDH
     SAMANTHA D. PARRISH

8    KEESAL, YOUNG & LOGAN
     Attorneys for Defendant

9    THE PRUDENTIAL INSURANCE COMPANY
     OF AMERICA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE TO THE CLERK OF THE SUPERIOR COURT OF THE FILING OF REMOVAL AND
REMOVAL OF ACTION TO FEDERAL COURT
KYL4830-9433-8756.1